IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | | |
|---|---|---|
| THE GOV'T OF THE VIRGIN ISLANDS, BUREAU OF INTERNAL REVENUE<br>Plaintiff,<br>v.<br>WILLIAM LANSDALE, et. al. ,<br>Defendants. | ) ) ) ) ) ) ) ) ) | **CIV. NO.: 2001-157**<br>**(formerly 1998-243)**<br>ACTION FOR DAMAGES |
| EDWARD E. THOMAS, DIRECTOR VIRGIN ISLANDS BUREAU OF INTERNAL REVENUE,<br>Petitioner,<br>v.<br>LONESOME DOVE PETROLEUM CO., a Texas Corp,<br>MARINA PACIFIC OIL COMPANY, a California Corp.,<br>Respondents. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | **CIV. No. 1992-79**<br>PETITION FOR EQUITABLE RELIEF AND APPOINTMENT OF RECEIVER UNDER INTERNAL REVENUE CODE §§ 7401 et. seq. |

## **MEMORANDUM OPINION**

Finch, Senior Judge

THIS MATTER is before the Court on the Emergent Motion For Leave to Intervene as of Right or Permissively brought by Intervenor Applicants James L. Hymes, III, Esq. and Bart F. Higgins, Esq. ("Applicants") pursuant to Rule 24 of the Federal Rules of Civil Procedure. The Applicants claim a property interest in the cash and assets of Lonesome Dove based on the terms of a professional services contract Applicants entered into with the Virgin Islands Bureau of Internal Revenue ("VIBIR"). For the reasons stated below, Applicants' Motion is DENIED.

I.   Background

This case is one of great complexity that recently culminated after nearly two decades of litigation. The facts of this case, and of the present dispute in particular, have been recited innumerable times in the recent barrage of motions filed by the parties. For that reason, the Court only briefly recounts facts relevant to the current dispute. The Applicants allege that on February 8, 2008, they entered into a second amended professional services contract ("PSC") with the plaintiff Virgin Islands Bureau of Internal Revenue ("VIBIR") in which they agreed to provide legal services "to assist the VIBIR in achieving the full compliance with the Final Settlement Agreement and to satisfy all claims against the Lansdales in the Receivership Action, in the Lansdale Civil Action and in the Arbitration Action." (Emergent Mot. ¶ 4.) Applicants allege that pursuant to the PSC, VIBIR agreed to pay the attorney fees owed to the Applicants from any settlement proceeds from the cash or asset component of the Final Settlement Agreement ("FSA"). (Emergent Mot. ¶ 8.) Based on the payment terms set forth in the PSC, Applicants argue that they have a property interest in and equitable lien on all cash payments and on Lonesome Dove's assets.[1]

The FSA, which provided that all amounts paid pursuant to the Agreement were to be paid by check payable to VIBIR and delivered to the law offices of Hymes & Zebedee. (Emergent Mot. ¶ 19), was ultimately superseded by a Settlement of Claims ("Settlement"), negotiated by the Receiver on behalf of the Government of the Virgin Islands and VIBIR. (Emergent Mot. ¶ 21.) The Settlement eliminated the provision providing that Applicants would be paid from the settlement proceeds, such that the fees and costs of Applicants will have to be

---

[1] On January 15, 2010, this Court struck Applicants' Notice of Attorney's Lien against the assets of Lonesome Dove Petroleum Company because the Applicants had not represented Lonesome Dove or the Receivership.

approved for payment through a special appropriations bill to be submitted to the Legislature of the Virgin Islands. (Emergent Mot. ¶ 22.) On December 23, 2009, the Court approved the Settlement Agreement. On the same day, Applicants filed the instant Emergent Motion.[2] Subsequently, the Court entered an Order approving the Stipulation for Dismissal of the case with Prejudice. (Order, Feb. 18, 2010.)

## II. Discussion

### A. Federal Rule of Civil Procedure 24

Rule 24 provides intervention as of right, or permissively. Rule 24(a) provides that, "upon timely motion, the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a). Rule 24(b) provides that the Court may permit anyone to intervene, upon timely motion, who "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b).

#### 1. Timeliness

"An application to intervene, whether of right or by permission, must be timely under the terms of Rule 24." *In re Fine Paper Antitrust Litigation*, 695 F.2d 494, 500 (3d Cir. 1982). An application to intervene is not made untimely by the mere lapse of time. *General Star Indem.*

---

[2]The Applicants have filed a Third Party Complaint as Exhibit B of the Emergent Motion seeking (1) declaratory judgment imposing a constructive trust or lien on the finds held in the registry of the District Court in the name of the Receiver (Count I); asserting (2) breach of contract for legal services against the Government of the Virgin Islands and VIBIR (Count II); asserting (3) tortious interference with the second amendment to the Professional Services Contract against the Receiver Joanne Bozzuto, and the Lansdale defendants (count III); and seeking attorney's fees for prosecuting the claim (Count IV).

3

*Co. v. Virgin Islands Port Authority*, 224 F.R.D. 372, 375 (D.V.I. 2004) (citing Charles Alan Wright, Arthur R. Miller, and Mary Kay Kane, 7C Federal Practice & Procedure Civil 2d § 1916 (1986)). Rather, timeliness is determined by looking at the totality of the circumstances. *United States v. Alcan Aluminum, Inc.*, 25 F.3d 1174, 1181 (3d Cir.1994). In deciding whether a motion to intervene is timely, the following factors are considered: (1) the stage of the proceedings reached when the movant seeks to intervene, (2) the prejudice that the resulting delay might cause to other parties, and (3) the reason for the delay. *Choike v. Slippery Rock University of Pennsylvania of State System of Higher Education*, 2008 WL 4747835, at *2 (3d Cir. 2008) (citing *In re Fine Paper Antitrust Litig.*, 695 F.2d 494, 500 (3d Cir.1982)). Timeliness is "measured from the point at which the applicant knew or should have known, of the risk to its rights." *General Star*, 224 F.R.D. at 375 (citing *Alcan Aluminum, Inc.*, 25 F.3d at 1183).

The Applicants' alleged interest in the assets of Lonesome Dove dates back to February of 2008, when they entered into the PSC with VIBIR. From the outset, the conduct of the parties indicated that the provision of the PSC requiring payment to be delivered to the law offices of Applicants was disregarded. From February 2008 until July 2009, the Receiver made monthly payments of $25,000 directly to VIBIR as authorized by the Court. Then, in July 2009, VIBIR informed Applicants that the court-ordered disbursement of $1,723,651.97 and $255,000 would not be delivered to the Applicants' law office. (Applicants' Reply at 10.)

Despite Applicants' claim that they were informed for the first time on November 4, 2009 that the PSC was unenforceable (with regard to the payment terms) under local statutory law, the conduct of the parties, as described above, placed Applicants on notice that their alleged interest was at risk at a much earlier date. Applicants do not sufficiently explain the delay for

4

intervening.[3] Moreover, this legal action came on the eve of settlement, threatening to disrupt the termination of litigation that had endured decades. As the Seventh Circuit has noted the timeliness requirement is intended "to prevent a tardy intervenor from derailing a lawsuit within sight of the terminal." *Sokaogon Chippewa Community v. Babbitt*, 214 F.3d 941, 949 (7th Cir. 2000). Therefore, "[a]s soon as a prospective intervenor knows or has reason to know that his interests might be adversely affected by the outcome of the litigation he must move promptly to intervene." *Id*. In this case, Applicants did not move to intervene until the day the Court approved the motion for settlement, when the lawsuit was "within sight of the terminal."

The facts recited above lead the Court to conclude that the motion was not timely: the motion was filed at a late stage of the proceeding and the Applicants have not provided a sufficient reason for the delay, a delay that threatens to prejudice the parties by dismantling a settlement agreement that took years to consummate. However, the Court will make further inquiry into the legal basis for intervention.

### 2. Intervention as of right

The Court also finds that the Applicants have not shown that they have an interest in the assets of Lonesome Dove, as required by Rule 24(a). As the Third Circuit has explained, the interest must be a legally cognizable interest, i.e., one that belongs to or is owned by the intervenor. *Mountain Top Condominium Ass'n v. Dave Stabbert Master Builder, Inc.*, 72 F.3d 361, 366 (3d Cir. 1995) (citing *Harris v. Pernsley*, 820 F.2d 592, 596 (3d Cir.1987); *United States v. Alcan Aluminum Inc*., 25 F.3d 1174, 1185 (3d Cir. 1994)). A mere economic interest in

---

[3] Applicants claim that prior to filing the Emergent Motion, they "pressed upon" VIBIR that they had a contractual right to be paid from the proceeds from the Cash and Asset component of the Final Settlement Agreement and that they should receive their fees and costs each month after VIBIR received monies from the Receiver. (App. Reply at 10.) However, when these arguments fell on deaf ears, Applicants should have promptly taken legal action to protect their alleged rights.

the outcome of the suit is insufficient to support a motion to intervene. *Id.* (citing *Alcan Aluminum*, 25 F.3d at 1185). The intervenor must show an interest in a specific fund that will be affected by the outcome of the suit. *Id*. While there is some case law in the Fifth Circuit suggesting that an attorney's contingency fees constitute an interest in the litigation sufficient for intervention, that law is not binding in this Circuit and has been called into doubt even in the Fifth Circuit.[4] This Court agrees with the reasoning of the Second Circuit that

> it is questionable whether a discharged attorney's intervention into a former client's action fits within the language of the Federal Rules. Rule 24(a) provides in pertinent part that the putative intervenor must "claim[ ] an interest relating to the property or transaction which is the subject of the action." Fed.R.Civ.P. 24(a) (emphasis added). The interest of discharged counsel seemingly is not in the subject of the underlying action, i.e., the contract dispute that precipitated the litigation, but is rather an interest in recovering delinquent attorney's fees following an award in favor of its former client.

*Butler, Fitzgerald & Potter v. Sequa Corp.*, 250 F.3d 171, 177 (2d Cir. 2001).

In any case, the Court finds that the interest at stake does not constitute a contingency fee because the terms of the PSC do not indicate that Applicants' fees were contingent on the outcome of the litigation.[5] The contract merely identifies the source of funds for the payment of fees. (App. Emergent Mot., Ex. A.)).[6] Furthermore, while the contract provides that the

---

[4] In *Gaines v. Dixie Carriers, Inc.*, 434 F.2d 52, 53-54 (5th Cir. 1970), the Court held that a law firm could intervene in a former client's action to protect its interest in its contingency fee. That ruling was called into question by the same circuit in *Keith v. St. George Packing Co., Inc.*, 806 F.2d 525, 526 (5th Cir. 1986) (acknowledging that "Gaines may not represent the most persuasive use of Fed.R.Civ.P. 24") and in other circuits. *See, e.g., Butler, Fitzgerald & Potter v. Sequa Corp.*, 250 F.3d 171, 178 (2d Cir. 2001) (questioning the right of an attorney's right to intervention to recover fees on policy grounds); *Newman v. Mutual Life Ins. Co. of New York*, 206 F.R.D. 410, 411 (D. Md. 2002) (same).

[5] A contingency contract is defined in Black's Law dictionary as "[a] contract, part of performance of which at least is dependent upon the happening of a contingency. Sometimes used to refer to fee arrangements with attorney who agrees to accept his fee on the contingency of a successful outcome." Black's Law Dictionary (6th Ed. 1990).

[6] Pursuant to section 5 of the PSC, the parties agreed that

> [l]itigation expenses shall be paid as presented from funds currently being collected from the Receiver of Lonesome Dove Petroleum Co. after such funds are received by the Virgin Islands Bureau of Internal Revenue and shall be paid within a reasonable time period after receipt by Government. Attorney fees

payment of attorney fees shall come from the settlement proceeds of the FSA, it also indicates that the funds may come from "any other source, if available." (*Id.*) The Court concludes that the Applicants' interest is merely economic and as such, does not constitute an interest sufficient for intervention under Rule 24(a).

### 3. Permissive Intervention

The Court also finds that the Applicants have not articulated a legal basis for intervention pursuant to Rule 24(b) because Applicants' claims do not share with "the main action a common question of law or fact." Fed. R. Civ. P. 24(b). The litigation in this matter was undertaken as a result of a tax dispute, while Applicants' claim pertains to a dispute over attorney's fees and the source and method for payment of those fees. In addition, the Court lacks jurisdiction to hear the claim, as there is no independent jurisdictional grounds for this authority. *See Beach v. KDI Corp.*, 490 F.2d 1312, 1319 -1320 (3d Cir. 1974) ("if the intervention is a permissive one the claim must be supported by independent jurisdictional grounds . . . otherwise, it will be excluded from the case") (internal quotations and citations omitted). There is no diversity of citizenship between the Applicants and the Government of the Virgin Islands; nor does the fee dispute present a federal question.

### III. Conclusion

The Court concludes that Applicants are not entitled to intervene in this matter pursuant to Fed. R. Civ. P. 24. As a threshold matter, the motion to intervene was not brought in a timely

---

shall be due and payable from any settlement proceeds from the "Cash Component" and/or from the "Asset Component" of the Final Settlement Agreement, whichever comes first, and thereafter from any other source, if available.

(App. Emergent Mot., Ex. A.)

7

fashion. For purposes of intervention as of right, Applicants have not shown a legally cognizable interest in the assets of Lonesome Dove sufficient to merit intervention. For purposes of intervention with permission, Applicants have not shown that their dispute shares common questions of law or fact with the subject matter of this litigation, nor have they shown that the Court has an independent basis for exercising its jurisdiction over their claims. Accordingly, the Applicants motion to intervene is DENIED. An appropriate Order will be entered in conjunction with this Opinion.

**ENTER**:

Dated: July 26, 2010.

_____/s/_____
RAYMOND L. FINCH
SENIOR U.S. DISTRICT JUDGE